Arenas et al., Peticionarios y Apelados, *v.* Edmund Enright, Comisionado Interino del Departamento del Interior, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en un pleito sobre *injunction.*

No. 1809.—Resuelto en noviembre 22, 1918.

Automóviles—Injunction—Alegaciones.—Aun · cuando en la solicitud no se alega que los peticionarios ''carecían de un remedio adecuado en ley,'' como de los hechos expuestos se deduce que dichos peticionarios no tenían a su alcance otro remedio rápido y eficaz para obtener el reconocimiento de su derecho, la omisión no es motivo bastante para declarar sin lugar la demanda.

Interpretación de Ley—Chauffeur y Conductor—Licencias.—Exigiendo la ley requisitos enteramente iguales para las personas que hayan de dedicarse a manejar vehículos de motor ya como *conductores* o ya como *chauffeurs,* no existe obstáculo alguno para que el dueño de un auto lo guíe por sí mismo y cobre el precio del pasaje, cuando ha probado su capacidad para manejarlo y, previo el pago de la cantidad fijada por el estatuto, ha obtenido la licencia necesaria sin restricción alguna, habiendo además satisfecho la suma exigida por la ley para poderlo dedicar al servicio público.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *H. L. Kern, Attorney General, Jaime Sifre, Jr., Acting Assistant Attorney General,* y *Roberto H. Todd, Jr.*

Abogado de los apelados: Sr. *Enrique Campillo.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Fidel y Antonio Arenas y Fidel Vázquez presentaron en la Corte de Distrito de San Juan una solicitud de *injunction* alegando, en resumen, que eran dueños de vehículos de motor que tenían dedicados al servicio público, para la conducción de pasajeros en todo el territorio de Puerto Rico, habiendo satisfecho los derechos exigidos por el estatuto; que guiaban personalmente sus vehículos por que poseían licencias de ''conductores'' obtenidas de acuerdo con la ley, y que eso

no obstante, a virtud de una circular dirigida por el demandado en su carácter de Comisionado Interino del Interior, se les denunció criminalmente por guiar sus carros sin tener licencias de *chauffeurs,* habiéndoles además la policía prohibido que continuaran en su negocio y finalmente el dicho Comisionado Interino había procedido a cancelar sus licencias de conductores, por todo lo cual sostuvieron que se les causaba graves perjuicios difíciles de precisar e irreparables, por cuanto estaba envuelta la pérdida de sus clientelas, dándose lugar a multiplicidad de procedimientos, y pidieron a la corte que expidiera un auto de *injunction* que garantizara su derecho a continuar en el libre ejercicio de su negocio.

La corte dictó una orden para que el demandado mostrara causas por las cuales no debiera concederse el remedio solicitado. El demandado alegó que los hechos expuesto en la solicitud no eran suficientes para librar el auto, admitiendo luego en su "contestación" prácticamente como ciertos los dichos hechos, negando más bien las conclusiones a que llegaban los peticionarios. El demandado sostuvo que además de la licencia de "conductor" que pueda tener el dueño de un vehículo de motor, necesita la de *chauffeur* para que esté en condiciones de dedicarlo, guiado por él mismo, a la conducción pública de pasajeros. La corte después de oídas ambas partes dictó sentencia en favor de los peticionarios y el demandado interpuso contra esa sentencia el presente recurso de apelación.

En su alegato el demandado sostiene que la corte de distrito erró al declarar sin lugar la excepción previa y al conceder el auto.

1. Examinemos el primer error que comprende dos extremos:

(*a*) Se alega que no expresándose en la solicitud que los peticionarios "carecían de un remedio adecuado en ley," debió rechazarse dicha solicitud de plano. Es cierto que no se hizo expresamente tal alegación, más como de los hechos expuestos se deduce que los peticionarios no tenían a su al-

cance otro remedio rápido y eficaz para obtener el reconocimiento de sus derechos, la omisión no tiene el alcance que pretende el apelante. Si los peticionarios se hubieran visto obligados a esperar el fallo de los tribunales en las causas criminales que se les seguían, contando con los recursos de apelación que pudieran interponerse, la dilación en cuanto a la prosecución inmediata de sus negocios, hubiera sido equivalente tal vez á una negación de la justicia.

(*b*) Se sostiene también por el apelante que las alegaciones con respecto a los perjuicios irreparables y a la multiplicidad de procedimientos, no aparecen hechas en la solicitud en la forma que exigen la ley y la jurisprudencia.

Convenimos con el apelante en que la mera alegación de que sobrevendrán perjuicios irreparables no es suficiente. Pero en este caso los peticionarios alegaron algo más. Expusieron que los perjuicios que sufrirían si se les impedía continuar en su negocio de transporte público, serían graves, difíciles de precisar e irreparables, por cuanto envolvían la pérdida de su clientela.

En cuanto a la multiplicidad de procedimientos, no se necesita esfuerzo alguno para observar que el *injunction* resuelve la cuestión por completo, mientras que las causas criminales, si los peticionarios eran absueltos finalmente como lo fueron en la corte de apelación, según se dice por los apelados en su alegato, podrían multiplicarse, ya que la absolución en una no impediría en absoluto el que pudieran presentarse nuevas denuncias.

2. El apelante sostiene que "un conductor con licencia como tal necesita de una licencia de *chauffeur* para poder dedicarse a manejar y guiar un vehículo de motor dedicado al servicio público," y que al no reconocerlo así erró la corte de distrito y debe revocarse la sentencia que dictara.

Examinemos la Ley No. 75 de 1916 que es la que regula la materia. En su artículo 1, expresa que *chauffeur* significa "toda persona a quien se pagare por manejar un vehículo de motor," y *conductor* "cualquier persona que, no siendo

un *chauffeur,* maneja un vehículo de motor.'' Y de estas definiciones deduce el apelante que para que la persona que guía un automóvil esté autorizada para recibir dinero en pago del pasaje en un carro de servicio público, tiene necesariamente que poseer la licencia de *chauffeur,* sin que le baste la de conductor.

Para resolver en justicia la cuestión planteada es necesario estudiar más a fondo la ley. Sólo pueden guiar vehículos de motor en Puerto Rico aquellas personas que posean licencias de *chauffeur* o de conductor. Esto es claro. ¿Cómo se obtienen esas licencias? Mediante una solicitud acompañada de certificación médica jurada, en la cual se hará constar claramente que dicha persona está capacitada física y mentalmente para manejar dicho vehículo; previo examen en el que el solicitante deberá probar sus conocimientos y habilidad prácticos, y previo también el pago de la suma de cinco pesos. (Ley No. 75, arts. 5 y 10). Los requisitos personales y los derechos que deben satisfacerse al Tesoro Público son, pues, enteramente iguales para obtener una u otra licencia. Lo que la ley exige para que se maneje un vehículo de motor es que se demuestre la capacidad necesaria para ello y se pague la suma fijada, sin hacer distinción entre vehículos de servicio público o privado.

¿Dónde se hace la distinción? En el artículo 10 de la misma Ley No. 75, de 1916. Al fijarse la tarifa de los derechos que deben satisfacerse se establece una clara distinción entre los automóviles de servicio privado por los cuales sólo es necesario pagar cincuenta centavos o un peso al año por caballo de fuerza, y los de servicio público por los que se está obligado a satisfacer veinte pesos anuales, en adición a los demás derechos prescritos, cuando el tráfico es dentro de un sólo municipio, y treinta cuando abarca la isla entera.

Siendo esto así, no es posible extender la idea del pago de que habla la ley al establecer el significado del término *chauffeur,* al que recibe el que guía un auto de manos de los pasajeros que conduce, sino que debe restringirse a sus propios límites,

esto es, al sueldo o cantidad en globo o en proporción a otra que recibe una persona por el trabajo realizado por ella al guiar un vehículo de motor. Interpretada la ley de ese modo, no vemos qué obstáculo pueda existir para que el dueño de un auto le guíe por sí mismo y cobre el precio del pasaje, cuando ha probado su capacidad para manejarlo y, previo el pago de la cantidad fijada por el estatuto, ha obtenido la licencia necesaria sin restricción alguna, y además ha satisfecho la otra suma exigida por la ley para poderlo dedicar al servicio público.

El recurso, en consecuencia de lo expuesto, debe declararse sin lugar y confirmarse la sentencia apelada.

> *Declarado sin lugar el recurso y confirmada*
> *la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.