PABLO, ROSENDO Y MARÍA DE JESÚS; MARCELINO, ESCOLÁSTICO, CARMEN, BONIFACIA, JUSTINO, FLOR Y BERNALDA DE JESÚS ROSARIO; FELICIANO, ÁLVARO, PRÁXEDES Y FELÍCITA ROSARIO DE JESÚS; FRANCISCA, FELICIANA, LORENZA, MARIANA Y FELIPE DE JESÚS FRAGOSO; ROSA, EUSEBIO, MAXIMILIANO, ALBERTO Y AGUSTÍN ROSARIO ESCOBAR, representados por su madre con patria potestad sobre ellos, FAUSTA ESCOBAR, demandantes y apelantes, *v.* JOSÉ DEMETRIO, JESÚS

ENRIQUE, RAFAEL, MIGUEL Y ALEJANDRINA DE JESÚS BO-
RRÁS, y COMPAÑÍA GEORGETTI, S. EN C., demandados y
apelados.

No. 3894.—*Visto:* Junio 15, 1926.  *Resuelto:* Julio 13, 1927.

1. LIMITACIÓN DE ACCIONES—COMPUTACIÓN DEL PERÍODO DE PRESCRIPCIÓN *(Limita-
tion)*—COMIENZO DE LA ACCIÓN U OTRO PROCEDIMIENTO—COMPUTACIÓN DE LA
PRESCRIPCIÓN.—Interrumpida la prescripción extintiva mediante la interpo-
sición de una demanda en la que se ejercita la acción que había de prescribir,
al cesar los efectos del ejercicio de dicha acción empieza a contarse de nuevo
el término de prescripción sin que, el tiempo anterior a la interrupción,
pueda acumularse al que transcurra después de ella, no obstante la doctrina
establecida en el caso de *González* v. *San Juan L. & T. Co.*, 17: 125.

2. LIMITACIÓN DE ACCIONES—COMPUTACIÓN DEL PERÍODO DE PRESCRIPCIÓN *(Limita-
tion)*—COMIENZO DE LA ACCIÓN U OTRO PROCEDIMIENTO—COMPUTACIÓN DE LA
PRESCRIPCIÓN.—Interrumpida la prescripción de una acción por su ejercicio
ante los tribunales, el término anterior no puede computarse después para
sumar todo el tiempo necesario para prescribir empezando de nuevo dicho
término desde la cesación de la interrupción.

3. REIVINDICACIÓN—JURISDICCIÓN, PARTES, DILIGENCIAS *(Process)*, Y PROCEDIMIEN-
TOS INCIDENTALES—TÉRMINO PARA EJERCITAR LA ACCIÓN.—Alegándose en
una demanda en acción reivindicatoria que antes de transcurrir el término
estatutorio para ejercitar dicha acción los demandantes presentaron otra
demanda en un tribunal de justicia contra los demandados, para recuperar
las fincas, la acción ejercitada en la segunda acción no está prescrita aún
cuando desde la fecha en que nacieron los derechos de los demandantes hasta
la fecha en que se ejercitó dicha segunda acción haya transcurrido más del
término estatutorio señalado para la prescripción de dicha acción.

SENTENCIA de *Enrique Lloreda,* J. (Arecibo), declarando la de-
manda sin lugar por haber prescrito la acción, con costas.  *Re-
vocada y devuelto el caso.*

*Félix Santoni,* abogado de los apelados de Jesús Borrás; *Rafael
Sancho Bonet,* abogado de los demandantes y apelantes; *Simón
Largé,* abogado de la apelada Compañía Georgetti, S. en C.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

Demetrio de Jesús murió el 14 de septiembre de 1891 y
treinta y dos años después, el 11 de julio de 1924, fué pre-
sentada en la Corte de Distrito de Arecibo la demanda de
este pleito en reivindicación de dos fincas cuya descripción
se hace, radicadas en el barrio de Hato Viejo de Arecibo,
alegándose que Demetrio de Jesús fué dueño de esas fin-
cas y las poseyó hasta su fallecimiento, poseyéndolas desde

entonces los demandados; que Demetrio de Jesús murió siendo soltero, sin descendientes legítimos ni naturales y sin ascendientes, por lo que su herencia correspondió a cuatro hermanos legítimos suyos, de quienes son herederos los demandantes: y que el 10 de septiembre de 1921, o sea cuatro días antes de que transcurrieran treinta años desde la muerte de Demetrio de Jesús, los demandantes demandaron judicialmente en la Corte de Distrito de San Juan a los demandados para. recobrar dichas fincas.

Los demandados formularon excepción previa contra esa demanda fundándose en que la acción reivindicatoria que en ella se ejercita está prescrita y la corte, después de sostener esa excepción, dictó sentencia declarando sin lugar la demanda, contra cuyo fallo interpusieron los demandantes este recurso de apelación.

El Código Civil en su artículo 1864 dispone que las acciones reales sobre bienes inmuebles prescriben a los treinta años: el 1862 que las acciones prescriben por el mero lapso de tiempo fijado por la ley; y el 1870 que el tiempo de prescripción de toda clase de acciones, cuando no haya disposición especial que otra cosa determine, se contará desde el día en que pudieron ejercitarse. De acuerdo con esos preceptos de la ley, si la demanda no tuviera otra alegación esencial, la acción reivindicatoria ejercitada por los apelantes en este caso hubiera estado prescrita cuando presentaron su demanda en 1924 por haber transcurrido entonces más de los treinta años que la ley concede para ejercitar la acción reivindicatoria de propiedad inmueble, contados desde 1891 en cuya fecha nacieron los derechos que los apelantes alegan tener en las fincas que fueron de Demetrio de Jesús, pues desde esa fecha pudieron ejercitar su acción; pero como también en la demanda se alega que el 10 de septiembre de 1921, antes de transcurrir los treinta años concedidos por la ley para la acción que se ejercita, ellos demandaron judicialmente a los demandados para recuperar las fincas, tendremos que examinar el efecto legal de tal hecho.

El Código Civil dedica un capítulo a la prescripción del dominio y demás derechos reales con determinadas reglas respecto a la interrupción de dicha prescripción; y otro capítulo a la prescripción de las acciones, que también contiene reglas para la interrupción de la prescripción de las acciones. Son dos distintas clases de prescripción: por la primera se adquiere un derecho que antes no se tenía; por la segunda prescriben las acciones que existían; por esto sus reglas son distintas y por eso las de la interrupción de la prescripción adquisitiva no pueden ser aplicadas a la interrupción de la extintiva, y así lo declaró el Tribunal Supremo de España en sentencia de 4 de enero de 1901 al decidir que lo dispuesto en el artículo 1964 (igual a nuestro artículo 1847) sobre que dejará de producir efecto la interrupción judicial de la prescripción adquisitiva cuando el actor desistiera de la demanda o dejare caducar la instancia, no surte el mismo efecto en la extintiva, ''porque ni la letra ni el espíritu del artículo 1973 (igual al nuestro 1874) permiten que tenga el alcance de que, en virtud de ella, pueda llegar a perderse la acción.''

En el caso que resolvemos se trata de prescripción extintiva de la acción.

[1, 2] Según nuestro artículo 1874 la prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor; por lo que alegándose en la demanda que antes de que vencieran los treinta años fijados por la ley como término para ejercitar la acción reivindicatoria de propiedad inmueble los demandantes demandaron judicialmente a los demandados para recuperar las fincas, resulta claro que la prescripción de la acción quedó interrumpida por el mero hecho de la presentación de la demanda ante un tribunal de justicia; interrupción que produce el efecto de que tenga que empezarse a contar de nuevo el término de prescripción, diciendo sobre este particular el Sr. Manresa en sus Comentarios al

Código Civil Español, tomo 12, pág. 906, lo siguiente: "La interrupción de la prescripción extintiva se produce eficazmente desde luego con la presentación o interposición de la demanda o con cualquier otro acto en que sea ejercitada la acción que hubiera de ser prescrita en otro caso, y en su virtud habrá que empezar a contarse de nuevo el término cuando cesen los efectos de dicho ejercicio, ya por abandono o desistimiento voluntario del actor, ya por caducidad de la instancia, ya por sentencia recaída en el juicio, sin que pueda acumularse en ningún caso el tiempo anterior a la interrupción, al que transcurriera después de ella."

En 33 Century Edition, pág. 931, encontramos la siguiente cita (La. 1811): "Un pleito no interrumpe la prescripción solamente mientras existe. Una vez interrumpida, el término anterior no puede computarse después para sumar todo el tiempo necesario para prescribir, el cual comenzará de nuevo solamente desde la cesación de la interrupción. *Riviere* v. *Spencer,* Mart. (O.S.) 83." Y en Filipinas se ha declarado en 13 Jurisprudencia Filipina, pág. 70, que el sobreseimiento de una acción carece de importancia según el artículo 1973 del Código Civil; y en el caso de *Marella* v. *Argonsillo,* 44 Jurisprudencia Filipina, pág. 903, se declaró que habiendo nacido la causa de acción antes de 1901 en que fué promulgado el Código de Procedimiento Civil, éste no era aplicable a las acciones nacidas antes sino el Código Civil, y que de acuerdo con el artículo 1973 (que es igual a nuestro 1874) aunque la acción haya nacido en 1897, habiéndose hecho reclamación extrajudicial para el cobro en 1910, no puede considerarse prescrita la acción ejercitada por no haber transcurrido quince años desde la reclamación hasta 1913 en que fué presentada la demanda.

[3] Por consiguiente, en vista de que la demanda alega que en el año 1921, antes de transcurrir los treinta años concedidos por la ley para ejercitar esta acción, se presentó una demanda en un tribunal de justicia contra los demandados para recuperar las fincas, y de lo dispuesto en el ar-

tículo 1874 de nuestro Código Civil, tenemos que llegar a la conclusión de que la acción ejercitada en este pleito no está prescrita por haber sido interrumpida en 1921 la prescripción que comenzó en 1891, no obstante la doctrina contraria establecida en el caso de *González* v. *San Juan Lt. & T. Co.,* 17 D.P.R. 125, citado por los apelados.

*La sentencia debe ser revocada y continuar los procedimientos.*

El Juez Presidente Señor del Toro no intervino en la resolución de este caso.