LEO J. ZURKOWSKY, por sí y en representación de sus hijos menores LEO WALTER ZURKOWSKY, DAVID A. ZURKOWSKY, WALTER LEO ZURKOWSKY; y/o EL PALMAR HOTEL CORPORATION, demandantes, *v.* HONEYWELL, INC., demandada.

*Número:* O-80-219 *Resuelto:* 11 de marzo de 1982

*Ernesto Maldonado Pérez,* abogado de los demandantes; *Ernesto F. Rodríguez Surís,* de *Miranda Cárdenas, Otero, De Corral & Rodríguez,* abogado de la demandada.

El Juez Asociado Señor Negrón García emitió la opinión del Tribunal.

El presente recurso proviene a este foro a través de una certificación de la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico formulando varias interrogantes que penden en un pleito basado en la trágica muerte acaecida a Leo Walter Zurkowsky el 5 de abril de 1973, víctima de las extensas quemaduras que recibiera en una explosión y fuego ocurrida en el sótano del Hotel El Palmar el día antes. La acción en daños fue promovida por sus hijos mayores de edad, Leo Joseph y Steven Robert Zurkowsky, sus nietos Leo Walter, David Alejandro y Walter Leo Zurkowsky, y la corporación que él presidía —El Palmar Hotel Corp.— contra Honeywell, Inc. y Petrolane, Inc.

Específicamente el trámite de certificación se origina ante las dudas expresadas por el juez que presidía el juicio, Hon. Robert Grant, al resolver que no permitiría a los demandantes presentar testimonio pericial tendente a establecer la pérdida económica de los demandantes Leo J. y Steven Zurkowsky, quienes, a juicio de ese tribunal, debían demostrar: (1) que *dependían* de su padre a la fecha de su muerte; y (2) la cuantía de tales necesidades económicas.

# I

De todas las preguntas formuladas hemos de resolver las primeras dos referentes al derecho(1) de los hijos de la víctima. Las restantes, o quedan resueltas en virtud de aquéllas, o son de carácter especulativo y, por ende, cualquier pronunciamiento entrañaría una opinión de índole consultiva, o se han tornado académicas por la transacción de la causa de acción de la viuda del occiso y nuestra decisión en *Suro* v. *E.L.A.*, 111 D.P.R. 456 (1981).

Los demandantes, descansando en *Travieso* v. *Del Toro y Travieso, Int.*, 74 D.P.R. 1009 (1953), y *Hernández* v.

---

(1) Rezan:

"Under the Laws of the Commonwealth of Puerto Rico.

In an action for wrongful death,

(1) What is the compensation to which the heirs of the decedent are entitled, when said two sons of the decedent, were of legal age, married, *working and not dependent* on the decedent at time of death, and where the widow, in a separate action pending before the Superior Court of Puerto Rico is claiming for loss of future income caused by the wrongful death?

(2) In a wrongful death action, are the adult sons of the decedent entitled to 'lucrum cessans' by reason of their father's death, notwithstanding that said sons were not dependent upon the said deceased at the time of death?

(3) If the answer is in the affirmative, how may such 'lucrum cessans' be distributed between such adult sons, when *neither can show that they effectively needed such support subsequent to their father's death*?

(4) In the event that at the time of death the decedent was married, in what proportion is the widow entitled to share with her adult sons?

(5) In the event that shortly prior to the decedent's demise the widow had instituted an action for divorce against the decedent, but the proceedings thereof did not continue by reason of the husband's death, is the widow still entitled to participate with her sons in the 'lucrum cessans' claim? If so, in what proportion?

(6) In a situation where the decedent was a self-employed businessman prior to his demise, are the Court and jury limited to an inquiry into the personal income tax returns of such decedent, or may they also consider the investments and other business transactions that the deceased made prior to his death and which may be considered a part of his general business transactions in order to assess the 'lucrum cessans' claim on behalf of plaintiffs?

(7) May a family-owned corporation which loses its founder and sole owner sue on behalf of itself for the losses suffered by reason thereof if it can show that *the decedent was, in fact, the reason for the success it had enjoyed prior to its* said founder's death?"

*Fournier*, 80 D.P.R. 93 (1957), argumentan que los padres o hijos de un occiso no tienen que establecer que dependían de él a la fecha de su muerte. Invocan además a *Zeno Molina* v. *Vázquez Rosario*, 106 D.P.R. 324 (1977), para concluir que la "dependencia no es factor determinante [como] [t]ampoco lo son la edad o circunstancias personales del acreedor al lucro cesante". Por su parte la demandada Honeywell aduce que *Vda. de Valentín* v. *ELA*, 84 D.P.R. 112, 115 n. 2 (1961), rechazó en nuestra jurisdicción toda compensación por pérdida de herencia futura, como daño patrimonial, al estimarse ". . . obviamente especulativo. Cuando ocurriera su muerte natural la víctima podía tener acrecentados sus bienes, si los tenía, o podía no haber herencia alguna". Aduce, además, la demandada que la jurisprudencia posterior —*Vda. de Seraballs* v. *Abella Hernández*, 90 D.P.R. 368 (1964); *Rodríguez* v. *Ponce Cement Corp.* 98 D.P.R. 201 (1969); *Vda. de Delgado* v. *Boston Ins. Co.*, 99 D.P.R. 714 (1971); *Sánchez* v. *Liberty Mutual Ins. Co.*, 100 D.P.R. 1 (1971); *Colón* v. *Municipio de Orocovis*, 100 D.P.R. 1009 (1972); *Zeno Molina* v. *Vázquez Rosario*, supra; *Publio Díaz* v. *E.L.A.*, 106 D.P.R. 854 (1978)— se ha limitado a reconocer "angustias y sufrimientos mentales por la muerte ocurrida, así como una partida de daño especial por la pérdida de ingreso o lucro cesante [pero en] ninguno de estos casos se concede partida de daños alguna por concepto de herencia futura dejada de percibir y en todos esos casos donde se concede la partida de lucro cesante existe la relación de dependencia entre el fenecido y el que reclama el lucro cesante y lógicamente así es que tiene que ser. Ausente la relación de dependencia económica no existe el vínculo necesario para que el reclamante solicite compensación por la pérdida económica ocurrida como consecuencia de haber sido privado de la ayuda económica (que no se está recibiendo) que el difunto no proveía".

## II

 Reiteramos nuestra doctrina jurisprudencial que descarta —por su naturaleza eminentemente especulativa y conjetural— la compensación por pérdida de herencia futura. *Vda. de Valentín* v. *ELA*, supra. Las expresiones previas contenidas en *Orta* v. *P. R. Railway, L. & P. Co.*, 26 D.P.R. 743 (1927); *Maldonado* v. *The Porto Rico Drug Co.*, 31 D.P.R. 747 (1923); y *Travieso* v. *Del Toro*, supra, deben considerarse calificadas por nuestras decisiones posteriores. El concepto de lucro cesante[2] está inexorablemente vinculado al de dependencia económica al momento de la muerte. Tales dependientes tienen una causa de acción por su condición de recipientes de unos ingresos que se ven interrumpidos "total o parcial, temporero[s] o permanente[mente]". Brau, *op. cit.*, pág. 818.

En virtud de lo expuesto deben contestarse en la negativa las primeras dos interrogantes. Los hechos estipulados en el sentido de que los codemandantes Leo J. y Steven Robert Zurkowsky —hijos mayores de edad del occiso, casados— no dependían de él en forma alguna nos llevan a concluir que no tienen una causa de acción válida basada en "lucro cesante".

*Se dictará la correspondiente sentencia y se remitirá a la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico.*

---

[2] La doctrina sobre lucro cesante aparece resumida, en términos generales, en la documentada obra del Profesor H. Brau, *Los Daños y Perjuicios Extracontractuales en Puerto Rico*, San Juan, P.R., Publicaciones J.T.S., Inc., 1980, § 8.06, págs. 8-30, 8-31.