Amparo FIGUEROA–OLMO, et
al., Plaintiffs,

v.

WESTINGHOUSE ELECTRIC CORPO-
RATION, Defendant-Counterclaimant
and Third-Party Plaintiff,

v.

PUERTO RICO HIGHWAYS AUTHORI-
TY, Evelester Noriega De Cortez, the
conjugal partnership constituted by
Evelester Noriega de Cortez and Dr.
Gilberto Cortez Figueroa; ABC Insur-
ance Company and XYZ Insurance
Company, Third-Party Defendants.

Milagros Contreras MERCED,
Plaintiff-Counterdefendant,

v.

WESTINGHOUSE ELECTRIC CORPO-
RATION, Defendant-Counterclaimant
and Third-Party Plaintiff,

v.

PUERTO RICO HIGHWAYS AUTHORI-
TY, et al., Third-Party Defendants.

Civ. Nos. 82–2518CC, 82–2828CC.

United States District Court,
D. Puerto Rico.

Sept. 3, 1985.

As Amended Sept. 11, 1985.

Antonio Gnocci-Franco, O'Neill & Borg-
es, Hato Rey, Puerto Rico, José E.
Fernández-Seín, Santurce, Puerto Rico, Er-
nesto Rodríguez-Surís, San Juan, Puerto
Rico, Miguel Giménez-Muñoz, Old San
Juan, Puerto Rico, Frederick Auld, Puerto
Rico Highways Authority, San Juan, Puer-
to Rico, for defendants.

## ORDER

CEREZO, District Judge.

Before us are the objections to the Mag-
istrate's Report and Recommendation con-
cluding that the estate had been accepted
"purely and simply" by the adult plaintiff
heirs and under "benefit of inventory" by
the minor plaintiff heirs. Plaintiffs'[1] oppo-
sition rests on what they consider were

1. Our reference to plaintiffs is to those in Civil
82–2518 only, for the other plaintiff, Milagros

Contreras, has not opposed any of these rulings
or recommendations.

procedural and substantive errors. Procedurally, they contend that the issue of the acceptance of the estate could not be decided via a Rule 56, Fed.R.Civ.P., motion because it was merely a fragment of a claim and this rule was not designed for this type of adjudication. They argue, alternatively, that since the acceptance of an estate involves an element of intent, summary judgment is not the appropriate mechanism to determine it. As to the application of the substantive law, their arguments acquire some complexity since they appear to have developed somewhat inconsistently with the passage of time and between reply and reply. It was first argued that the pleadings construed by the Magistrate as claims on behalf of the estate were really claims for "loss of future inheritance" which were later eliminated after discovering that this type of claim had been rejected by the supreme court in *Zurkowski v Honeywell, Inc.*, 112 DPR 271 (1982) (translation pending publication).[2] Then they argued that in view of the supreme court's rejection of the claim for loss of future inheritance the pleadings could not be construed as an acceptance for plaintiffs could not claim something out of nothing. Later on they maintained that these pleadings were really claims made individually by the heirs as dependents of the deceased for loss of income. They also argued alternatively, apparently in response to defendant's signaling of another claim which did not fit into the loss of future inheritance argument/the loss of the truck's value/that these claims were merely acts of administration made only to preserve the estate. Finally, they pleaded equity, for if the estate is deemed accepted purely and simply they might end up accepting more liabilities than assets. We find plaintiffs' objections to the Magistrate's conclusions to be without merit and adopt the Report and Recommendation with the following additional findings, observations and conclusions of law.

■ Although some courts have disfavored the use of Rule 56, Fed.R.Civ.P., for the exclusive purpose of adjudicating portions of claims or defenses which may not be ripe for adjudication, *see e.g.: Mendenhall v. Barber-Greene Co.*, 531 F.Supp. 947, 948 (N.D.Ill.1981), we believe that a wooden application of that doctrine to the particular situation before us is unwarranted and would serve to defeat the very purposes of the rules in securing a just, speedy and inexpensive determination of every action. Rule 1, Fed.R.Civ.P. The issue of the acceptance of the estate, although technically part of defendant's counterclaims and third-party action against the heirs for contributory negligence, is a threshold, dispositive element which if ruled upon may either dispose of these claims partially or entirely or establish their feasibility and permit the parties to better evaluate the possibilities of reaching a fair settlement and avoiding the expense of a trial. In this case the acceptance issue is not a minor issue that depends on other unripe elements of the claim. It is such an independently conceived and important issue that Puerto Rico law establishes a special action by a decedent's creditors which is exclusively designed to make the heirs either accept or reject the estate within thirty days to define their status as soon as possible. ·*See: P.R. Laws Ann.*, Sections 2786 and 2787 Articles 958 and 959. In terms of judicial economy, the Supreme Court of Puerto Rico has said that the action to compel the acceptance or repudiation of an inheritance need not be filed independently in a separate action but may be considered as included within an action for collection of monies by the creditors of the deceased against the latter's heirs. *See: Banco Comercial de P.R. v. Garcia*, 51 PRR 712, 716 (1937).[3] Thus, the frag-

---

**2.** It should be noted that *Zurkowski* was a certification from this court on the question of whether non-dependent heirs could recover loss of income and not really on the question of the viability of a claim for loss of future inheritance. The federal, as well as the supreme court, recognized that the claim for loss of future inheritance had been rejected by the Supreme Court since 1961.

**3.** It is interesting to note that in *Banco Comercial*, since the court found that the complaint was an action against defendants as heirs for debts of the deceased, it also interpreted said pleadings as containing the action to compel

mentation of a claim and the unnecessary ruling on unripe issues allegedly involved in such misuse of Rule 56 is not present here, as was suggested by plaintiffs. It is also important to note that Westinghouse's motion for partial summary judgment is not an isolated request raised at the early stage of the litigation. Instead, it is the result of the gradual development and refinement of the Rule 12 Fed.R.Civ.P. arguments for dismissal of the claim of contributory negligence initially brought forth by plaintiffs themselves. This issue surfaced when plaintiffs claims that Westinghouse's counterclaim and third-party actions for contributory negligence had to be dismissed because Puerto Rico tort caselaw held that the relatives in their individual capacity were not responsible for their decedent's negligence and when they abruptly changed their strategy by dropping the heirs' claims on behalf of the estate. To rebut this argument and in defense of its claims for contributory negligence, defendant then contended that these claims were directed only at the heirs in such capacity and not against plaintiffs' individual capacity. When in the midst of this exchange, plaintiffs radically changed their complaint without informing the parties or the court of their changes, Westinghouse was practically forced to focus its defense to the Rule 12 motion on the issue of acceptance which it had apparently assumed had already been established given plaintiffs' initial filings. After arguing the matter extensively and examining the record, it is reasonable to say that the acceptance issue is best resolved by partial summary judgment. In a sense, the matter is merely a continuation of the major issues raised by plaintiffs through their Rule 12 motions which were incorporated to their answers to the tendered counterclaims and third-party complaint. Resolution of the acceptance issue was a byproduct of the contributory negligence issues raised by plaintiffs in their Rule 12 motion. The fact that

plaintiffs were notified of Westinghouse's request for partial summary judgment and were given ample opportunity to respond to it, *see: Condon v. Local 2944, United Steelworkers, etc.,* 683 F.2d 590, 593–94 (1st Cir.1982), ... would be sufficient to consider that their Rule 12 motion was in fact converted by their own argumentation and reference to extraneous materials into a motion for summary judgment by way of Rule 12(a) and (c)'s provision, *see: Slevin v. Pedersen Associates, Inc.,* 540 F.Supp. 437, 438, n. 2 (S.D.N.Y.1982). In this context, a decision on the acceptance of the estate could be construed merely as an exercise of the faculty permitted by Rule 56(d) which provides for the issuance of orders specifying the facts which are not controverted and can be determined as established for purposes of trial. In any event, a straight-jacket application of the rules ignores over two years of extensive motions, memoranda and exhibits, unnecessarily leaves the case at a standstill only to reach the trial stage without any insight on a threshold and complex issue that is ripe for adjudication. *Cf.: Wetherhill v. University of Chicago,* 548 F.Supp. 66, 67, n. 3 (N.D.Ill.1982). Discarding the efforts made to clarify and define this issue is inconsistent with the purpose of the rules. *See gen.: Hormel v. Helvering,* 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941); *Hartley & Parker, Inc. v. Fla. Beverage Corp.,* 348 F.2d 161, 163 (5th Cir.1965).

■ The fact that an element of intent may be present in an issue does not necessarily preclude it from being adjudicated summarily. As noted in *Hahn v. Sargent,* 523 F.2d 461 (1st Cir.1975), *cert. den.,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754:

State of mind is difficult to prove and great circumspection is required. where summary judgment is sought on an issue

---

acceptance or repudiation and defendant's failure to answer it was construed as a failure to make the necessary manifestation within the specified time. Thus, even failing to raise the defense of nonacceptance in a complaint against the heir for the debts of the estate may

be construed as an implicit acceptance of the inheritance. The Supreme Court of Spain also construed the failure to repudiate the inheritance in an action against the heirs for the decedent's debts as an implied acceptance. Judgment of July 1, 1952.

involving state of mind. *Poller v. Columbia Broadcasting System*, 368 U.S. 464 (1964). But that does not mean that a party against whom summary judgment is sought is entitled to trial simply because he has asserted a cause of action to which state of mind is a material element. There must be some indication that he can produce the requisite quantum of evidence to enable him to reach the jury with his claim.

*Hahn*, at 468. When confronted with a duly supported motion for summary judgment, the oposing party cannot rest on the pleadings or on arguments made in motions and memoranda. *See e.g.: Saunders v. National Basketball Ass'n.*, 348 F.Supp. 649, 654 (N.D.Ill.1972). It must file counteraffidavits or other documents to refute the movant's papers and, at least, raise a controversy of fact. *See e.g.: Emery v. Merrimack Valley Wood Products, Inc.*, 701 F.2d 985 (1st Cir.1983). In the present case plaintiffs have cleverly argued why their initial claims and answers to interrogatories cannot be taken as an acceptance of the estate. They have yet to file a simple affidavit where any of these contentions are made. Their attorney's arguments are not enough to create an issue of fact on their real intention in filing such specific claims and later ratifying them under oath.

As the Magistrate noted, in Puerto Rico an inheritance may be accepted "purely and simply," which entails agreeing to pay for the decedent's debts even with one's resources if those of the estate are insufficient. *See P.R. Laws Ann.*, Title 31 Section 2780. The inheritance may also be accepted under benefit of inventory which would limit the estate's liabilities up to the assets of the inheritance *id.* or it may be repudiated. Title 31 Sections 2771–2775. A pure and simple acceptance may be express or implied *id.* at 2781. An express acceptance is one made in a public or private instrument and an "[i]mplied acceptance is one made by acts which necessarily

imply a wish to accept, or acts which no one should have a right to execute in the capacity of an heir." *Id.* The Civil Code provides that acts of mere preservation or provisional administration of the inheritance are not acts of implied acceptance if performed without assuming the title and character of heir. *Id.* Once the acceptance is made it is irrevocable, *id.* at section 2779, and the Code mandates that "[a]cceptance or repudiation of the inheritance cannot take place either partially, for a certain period, nor conditionally." *Id.* section 2773. In *González v. Marrero*, 55 PRR 812 (1940) the Supreme Court of Puerto Rico ruled that a party's appearance as heir in a suit to recover property of the estate (a claim for personal injury) was an implied pure and simple acceptance of the estate. The Supreme Court of Spain has also ruled that the mere filing of a complaint for eviction on behalf of the estate was an implied acceptance of the inheritance; Judgments of March 13, 1952 and April 17, 1959.

In the present case, some pleadings specified that they were being made on behalf of the estate to recover a right belonging to the estate and in their capacity of heirs. They stand out from the rest of the pleadings which made specific claims individually on behalf of each of the plaintiffs. The caption specifically described certain plaintiffs as heirs suing on behalf of an estate. In the case of the decedent Francisco Figueroa's [4] heirs, the acceptance is even more patent for, aside from making the abovementioned claim, they also claimed to recover the value of the truck, an allegation which still stands for it was not eliminated as were the other loss of income claims. The loss of income claims on behalf of the estate were not filed and quickly withdrawn. They remained for nearly six months, were reincorporated in a later amendment and ratified by sworn answers to interrogatories by the plaintiffs. Some of these answers still have not been changed. To argue that these were claims

___

**4.** The driver and owner of the truck that collided with the trailer.

for loss of future inheritance inserts language which is not in the complaint. This argument carries with it the acceptance that the claims were made as heirs for who else but they could recover upon such a claim. To argue that they were really claims made in their individual capacity for their economic loss as dependents of the deceased is to ignore the clear language of the pleadings which sets forth claims made *individually as dependents* for loss of economic support side by side with separate claims made by plaintiffs *as heirs* for loss of income on behalf of the estate. Likewise, to allege that these claims were "acts of mere preservation, or provisional administration" is at odds with the urgent and provisional nature that characterize these acts and with the law's caveat that they not be performed assuming the title and character of heir. *Id.* at 2781. *See:* III, F. Puig Peña, *Tratado de Derecho Civil Español,* Tome V., pp. 379–385. If these acts were merely to preserve the estate, why were they expressly undertaken as heirs? Nor is there an explanation on why the stated purpose of interrupting the limitations period, could not be achieved through other, less compromising, methods or why, if these were provisional measures, does the claim of the heirs of Figueroa for the value of the truck still remains.

Finally, plaintiffs' resort to equity to shield them from the consequences of their acts is not convincing. Although the Supreme Court of Puerto Rico has stated that the principle of civil law equity, *equidad,* should permeate the law, that court has also said that one must be cautious in substituting subjective notions of equity for the clear mandate of the law when the law provides remedies and regulates a specific situation. *See: Jack's Beach Resort v.*

*Cía. Turismo,* 112 DPR 344, 350 (1982). The Civil Code expressly provides that resort to equity will only be had if there is no law applicable to the situation. *P.R. Laws Ann.,* Title 31 Section 7. *See: Finlay v. R. Fabian & Co.,* 24 PRR 140, 147 (1916).

The law regulating our situation stems from ancient principles of Roman inheritance law incorporated in a systematic and comprehensive set of statutes and chapters in the Civil Code which provide more than sufficient remedies for plaintiff's predicament. No one "forced" the inheritance on plaintiffs. They could have repudiated it, named an administrator to evaluate its worth or accepted it under benefit of inventory. The Civil Code even provides remedies after acts of implied or express acceptance have been made. The law, although establishing that the acceptance or repudiation is irrevocable, only sanctions the voluntary and free act of acceptance. *P.R. Laws Ann.,* Title 31 Section 2771. "Acceptance of an inheritance can be impugned if they are tainted by any of the defects which annul the consent...." *Id.* Section 2779. These defects are enumerated in Article 1217 which states that "[c]onsent given by error, under violence, by intimidation, or deceit shall be void." *P.R. Laws Ann.,* Title 31 Section 3404. However, none of the heirs have raised this argument and the protection of this statute nor have they affirmed, under oath, that they were somehow misled by error, deceit, intimidation or force into making the claims and giving the sworn answers mentioned before. Their only argument is that the claims could not be construed as an acceptance since they were claims over something that did not exist for the law did not permit such a claim.[5] Although Spanish commentator Federico Puig-Peña believes that an

---

5. It should be noted, as was recognized by professor González-Tejera in his work, *Derecho Sucesoral Puertorriqueño,* Vol. 1, p. 152, that the heirs in *González v. Marrero* could not have been making the claim for wrongful death on behalf of their son because at that time no such cause of action existed. It was only after *Vda. de Delgado v. Boston Ins. Co.,* 99 PRR 693

(1971), that the right of the heirs to bring a cause of action for the pain and suffering of their decedent was recognized. Technically speaking, the court in *González* considered the mere filing of the claims as heirs on behalf of the estate as an act of acceptance even though at that time they were not legally entitled to what they claimed.

error as to the inheritance's composition, as distinguished from an error on the value of the inheritance, may in certain circumstances consist in the error contemplated by the Code, *see P.R. Laws Ann.*, Title 31 Sections 3405; II, Puig-Peña, *Tratado de Derecho Civil Español*, Tome V, p. 233 ("si el error no recae sobre la estricta valoración, sino sobre la 'composición de la herencia,' entonces podrá admitirse un temperamento revisorio, siempre, naturalmente, que concurran estas dos circunstancias: que el error sobre la composición afecte a elementos esenciales del complejo hereditario y que el error producido lo haya sido a causa de representaciones asentadas en base seria para creerlo"), plaintiffs' argument that they were claiming something that they did not have a right to is far from the tainted consent exception recognized by the Code. Yet even were we to refine the equity defense by examining the applicability of these articles, the absence of sworn statements indicating the contents of this defense so as to enable the court to evaluate its contours and, at least, create an issue of fact, prevent us from considering this matter. If their attorneys simply interpreted erroneously the law and filed claims which were not permitted, the end result being that some plaintiffs heirs could respond with their own resources for the liabilities of their decedent, is a matter best left to plaintiffs and their attorneys.[6] As the record now stands plaintiffs have failed to show, in the manner required by Rule 56, the existence of a single genuine issue of fact on the meaning of their acts which were considered by the Magistrate and are considered by this Court to be acts "which no one should have a right to execute except in the capacity of an heir." Title 31 Section 2781.

■ We, therefore, hold that plaintiffs Gregorio Figueroa and Lucia Olmo, the legal heirs of Francisco Figueroa-Olmo have accepted the latter's inheritance purely and simply; plaintiff Zoraida Báez-Cabán, the adult legal heir of Luis Báez, has accepted the latter's inheritance purely and simply and plaintiff Tomás Navarro-Flores, the legal heir of Jesús Encarnación, has accepted the latter's inheritance purely and simply.

As to the remaining issue regarding the minors' acceptance through their parents, we agree with the Magistrate that the law in Puerto Rico deems that acceptance as made under benefit of inventory.

With respect to plaintiffs' motions to dismiss the counterclaims and third-party complaints we adopt the Magistrate's Recommendation that they should be and they are hereby DENIED. We consider defendant's amended claims and the assertions in its memoranda as to its intention of suing only the heirs as a voluntary dismissal of the claims against all plaintiffs in Civil 82–2518 and third-party defendants in Civil 82–2828 who are not heirs of the decedent. The tendered counterclaims and third-party complaint so amended are ORDERED filed. As to those plaintiff-heirs who are minors, the counterclaim and third-party complaint against them is DISMISSED, without prejudice. Captions in future filings shall reflect these changes.

SO ORDERED.

---

**6.** If it should turn out that plaintiffs were somehow misled by their attorneys, the conflict of interests problem would have to be re-examined. If this were the situation we would suggest plaintiffs' attorneys seek voluntary disqualification.