Sucesión José A. Pacheco Otero, etc., demandantes y recurridos, *v.* Eastern Medical Associates, Inc., etc., demandados y recurrentes.

Número: CE-91-271 Resuelto: 6 de abril de 1994

*Gonzalo J. Barreras Varona,* abogado de los peticionarios; *Francisco Agrait Oliveras,* abogado de los recurridos.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

# I

El 9 de junio de 1989 la Sra. Carmen Astacio Caraballo, en calidad de viuda, y sus hijos José y Carmen Nereida Pacheco Astacio presentaron una demanda para reclamar el resarcimiento de los daños y perjuicios que sufrieron por el fallecimiento de José A. Pacheco Otero que, alegadamente, se debió a la impericia médica de los demandados.[1] Reclamaron, además, los sufrimientos y angustias mentales que sufrió el señor Pacheco Otero mientras estuvo recluido en los hospitales demandados. También solicitaron una partida por la pérdida de los beneficios económicos que éste les brindaba.

Una vez contestada la demanda, los demandados presentaron una moción para que se desestimase la causa de acción de la señora Astacio Caraballo porque, para la fecha en que ocurrieron los hechos que ocasionaron la muerte del señor Pacheco Otero, éstos estaban divorciados.

Por ser pertinente a la controversia, resumiremos los hechos relacionados con el divorcio. El 25 de abril de 1988, la señora Astacio Caraballo presentó una demanda de divorcio contra el señor Pacheco Otero, por la causal de separación.[2] Éste, el 20 de mayo de 1988, compareció, por derecho propio, a contestar la demanda. Aceptó los hechos alegados y solicitó que la sentencia adviniera final y firme desde la fecha en que se dictase. El tribunal dictó sentencia ese mismo día, 20 de mayo de 1988, decretando el divorcio entre las partes. La sentencia se notificó en esa misma fecha.

Posteriormente, el 7 de julio de 1988, falleció el señor Pacheco Otero. El 12 de julio de 1988, es decir, cinco (5) días después del fallecimiento y cincuenticuatro (54) días

---

[1] También demandó la Sra. Milagros Vázquez Báez, hija de crianza del señor Pacheco Otero.

[2] La señora Astacio Caraballo estuvo representada por el Lcdo. Francisco Rosario Pérez.

después de haberse dictado la sentencia, la señora Astacio Caraballo solicitó al tribunal que se dejara sin efecto la sentencia de divorcio, porque ella y su esposo se habían reconciliado.([3]) El tribunal accedió a lo solicitado mediante Resolución de 13 de julio de 1988.([4])

A base de estos hechos, los demandados sostuvieron que debía desestimarse la reclamación de la demandante debido a que al momento en que ocurrió la muerte del señor Pacheco Otero, el matrimonio entre éste y la señora Astacio Caraballo había sido disuelto por el Tribunal Superior. Acompañaron su solicitud con una copia certificada del expediente del caso de divorcio, Caso Civil Núm. RF (F) 88-148.

La señora Astacio Caraballo se opuso a la solicitud de la parte demandada. Indicó que la Resolución del Tribunal Superior de 13 de julio de 1988 dejó sin efecto el divorcio y que, por lo tanto, ella y el señor Pacheco Otero nunca estuvieron legalmente divorciados. Acompañó con su oposición una declaración jurada en la cual señala que, por acuerdo con su esposo, presentó la demanda de divorcio por separación; aunque, en realidad, continuaron viviendo juntos en la misma propiedad donde habían vivido durante todo el matrimonio. También expresa que se habían reconciliado el 19 de junio de 1988 y que habían acudido ante la Hon. Juez Ana Delia Sánchez, el 24 de junio de 1988, para

---

([3]) El texto de la moción presentada por la demandante es el siguiente:

"+MOCION+

"AL HONORABLE TRIBUNAL:

"Comparece la parte demandante, por derecho propio, y muy respetuosamente Solicita:

"1. Que las partes habían sanjado sus diferencias y reconciliado todas las controversias.

"2. Que habiendo sido esta compareciente la promovente de esta causa de acción desiste voluntariamente y pide al Tribunal deje sin efecto todo lo actuado, restituyendo todo al estado en que se inició en sus principio."

([4]) La resolución del tribunal dispone:

"+RESOLUCION+

"Vista la Moción radicada por la parte demandante, de fecha 12 de julio de 1988, este Tribunal la DECLARA CON LUGAR y deja sin efecto todo lo actuado en este caso, restituyendo todo al estado en que se inició en su principio."

que los casara nuevamente. Pero que, mientras hacían los trámites para casarse, el señor Pacheco Otero murió. Por tal razón, y en cumplimiento de una promesa que le hizo, solicitó que se dejara sin efecto el divorcio. De otro lado, la demandante Astacio Caraballo adujo que independientemente de que estuvieran o no casados al momento del fallecimiento, ésto no la privaba de establecer su causa de acción si probaba haber sufrido daños y angustias por la muerte y que recibía asistencia económica del señor Pacheco Otero. Por último, señaló que la moción para solicitar la desestimación parcial era, en efecto, una solicitud de sentencia sumaria por cuanto no se apoyaba totalmente en las alegaciones y contenía prueba en apoyo de la solicitud. Por dicha razón, alegó que no procedía que se dictase la sentencia sumaria debido a que existía una controversia de hechos.

Así las cosas, mediante Resolución de 26 de marzo de 1991, el foro de instancia denegó la moción de desestimación y expresó que los demandados:

> Pretenden atacar colateralmente dicha resolución [la que dejó sin efecto la sentencia de divorcio] aduciendo hechos y razones. Por el tiempo transcurrido y por tratarse de un caso radicalmente distinto en su naturaleza al que nos ocupa, entre otras partes, entendemos que no podemos en este caso acceder a lo que solicitan, sin perjuicio de que pueda ventilarse la nulidad de dicha resolución en una acción directa separada.

De la anterior resolución acuden ante nos los demandados, señalando el error siguiente:

> ... entendemos que incidió el Tribunal Superior de Humacao al declarar sin lugar nuestra solicitud de que se desestimara la causa de acción de la codemandante Carmen Astacio Caraballo, ya que al momento en que surge dicha causa de acción el vínculo matrimonial ... con José A. Pacheco no existía por haber sido legal y correctamente disuelto el matrimonio por el Tribunal Superior ....

En resumen, el recurrente alega que el foro de instancia no debió darle validez a la resolución que dejó sin efecto la

sentencia de divorcio toda vez que ésta se emitió luego de advenir final y firme dicha sentencia. Además, indicó que la resolución no fue producto de una moción de relevo de sentencia o de un recurso de revisión. Señala, además, que se fundamentó en una moción que presentara, por derecho propio, la señora Astacio Caraballo donde le informó al tribunal que se había reconciliado con su esposo, sin indicarle que éste había muerto,[5] y que se dictó a petición de una sola de las partes del litigio. También aducen que la demandante no tiene derecho a recibir partida de dinero alguna por lucro cesante debido a que no dependía económicamente del señor Pacheco Otero.

Decidimos revisar y expedimos el auto.

## II

A. La parte demandante tiene razón en que su causa de acción por los daños sufridos por la muerte del señor Pacheco Otero no depende de la existencia o inexistencia del matrimonio. Ésta se fundamenta en los postulados del Art. 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141. Conforme a éste, "todo perjuicio, material o moral, da lugar a reparación si concurren tres requisitos o elementos: primero, se establece la realidad del daño sufrido; segundo, existe un nexo causal entre el daño y la acción u omisión de otra persona; y tercero, dicho acto u omisión es culposo o negligente". (Énfasis suprimido.) *Hernández v. Fournier*, 80 D.P.R. 93, 96 (1957). Hemos reconocido en casos de muerte ilegal que toda persona puede reclamar y obtener una indemnización por los daños morales o materiales, o ambos, que realmente sufrió con motivo de la muerte de otra, ocasionada por la culpa o negligencia de un tercero, aun cuando el reclamante no esté relacio-

---

[5] Relacionada con el divorcio, tenemos ante nuestra consideración una querella presentada contra la señora Astacio Caraballo, quien es abogada. *In re Carmen Astacio Caraballo*, Caso Núm. MC-91-24.

nado con el fallecido por razón de parentesco. *Cirino v. Fuentes Fluviales*, 91 D.P.R. 608, 617 (1964).

Tampoco la señora Astacio Caraballo tenía que estar casada para poder solicitar la pérdida de los beneficios económicos que alegadamente le brindaba el señor Pacheco Otero. Dentro de los daños considerados resarcibles en el orden patrimonial están los que sufren aquellos cuyas necesidades atendía el causante. El fundamento para concederlos es la pérdida de la esperanza fundada y razonable de unos beneficios futuros. Art. 1059 del Código Civil, 31 L.P.R.A. sec. 3023;[6] *Hernández v. Fournier*, supra; *Correa v. Autoridad de Fuentes Fluviales*, 83 D.P.R. 144, 159–160 (1961); *Acosta v. Crespo*, 70 D.P.R. 239, 258 (1949). Entre estos daños se encuentra el lucro cesante. *Zeno Molina v. Vázquez Rosario*, 106 D.P.R. 324, 326–327 (1977); *Publio Díaz v. E.L.A.*, 106 D.P.R. 854, 870 (1978); *Vda. de Seraballs v. Abella Hernández*, 90 D.P.R. 368, 370 (1964). En *Pate v. U.S.A.*, 120 D.P.R. 566, 570–571 (1988), resolvimos que en Puerto Rico no se transmite automáticamente a los herederos el derecho que su causante tenía de recibir ingresos. Esto es así, porque la reclamación por lucro cesante, producto de la muerte del causante con motivo de un acto negligente de un tercero, le pertenece a las personas que dependían económicamente del fallecido al momento de la muerte. Los dependientes tienen que demostrar que sufrieron una interrupción efectiva de los ingresos provenientes del patrimonio del causante. En resumen, en nuestra jurisdicción el lucro cesante no forma parte de la herencia. Véase, además, *Zurkowsky v. Honeywell, Inc.*, 112 D.P.R. 271, 275 (1982), donde resolvimos que el lucro cesante está vinculado al criterio de dependencia económica al momento de la muerte. Cabe la posibilidad de que

---

[6] "La indemnización de daños y perjuicios comprende, no sólo el valor de la pérdida que se haya sufrido, sino también el de la ganancia que haya dejado de obtener el acreedor, salvas las disposiciones contenidas en las secciones siguientes." 31 L.P.R.A. sec. 3023.

la demandante pueda probar que dependía económicamente del señor Pacheco Otero. Lo relativo a lo sucesoral o hereditario, como ya señaláramos, no se encuentra implicado, en forma alguna, en la legitimidad de su reclamación.

No era tampoco una partida que pudiera reclamar la sociedad legal de gananciales. El lucro cesante que ésta puede reclamar son los ingresos dejados de percibir por uno de los cónyuges, o por ambos, como consecuencia de unos daños recibidos que les incapacite parcial o permanentemente para trabajar. *Franco v. Mayagüez Building, Inc.*, 108 D.P.R. 192, 195 (1978). Ahora bien, si un cónyuge muere, se extingue la sociedad legal de gananciales. No tiene, por ende, personalidad jurídica para hacer la reclamación. Art. 1315 del Código Civil, 31 L.P.R.A. sec. 3681. Por lo tanto, ésta no puede reclamar partida alguna por ingresos futuros dejados de percibir. Los únicos que pueden reclamarlos son los dependientes.

B. No obstante lo anterior, la señora Astacio Caraballo también está reclamando indemnización por los sufrimientos y angustias mentales sufridos por el señor Pacheco Otero, acción que sólo pueden presentar los herederos de un causante. Sobre el particular, hemos resuelto que una causa de acción civil reparadora del daño inferido a un difunto por culpa o negligencia de un tercero no constituye un derecho personalísimo que muere con la persona, sino que es un bien patrimonial transmitido por su muerte a sus herederos y reclamable por éstos como parte de su herencia legítima. *Vda. de Delgado v. Boston Ins. Co.*, 101 D.P.R. 598, 606 (1973).

Debido a que la reclamación de indemnización de la señora Astacio Caraballo por los sufrimientos y angustias mentales del señor Pacheco Otero depende de su estado como heredera y esto, a su vez, del hecho de si estaban casados al momento de la muerte del señor Pacheco Otero, resulta necesario, pues, revisar la prueba que se pretende

aducir para sostener este hecho. La corrección de la resolución dictada por el tribunal de instancia que dejó sin efecto el divorcio en controversia es, pues, de vital importancia en este caso, ya que lo que pretende la recurrida es, precisamente, que se le dé a esta resolución plena validez probatoria en cuanto al hecho de que aún subsistía el matrimonio.

■ Ahora bien, para que un tribunal en un caso acoja una determinación hecha en otro caso para probar un hecho esencial para la reclamación, resulta indispensable, entre otras cosas, que el primer foro haya actuado con jurisdicción, tanto sobre la materia como sobre la persona. Ya que cuando un tribunal ha actuado sin jurisdicción sobre la persona o sobre la materia, es nula cualquier sentencia o resolución que haya dictado y nada significan en cuanto a los hechos que se pretendieron litigar. *Tartak v. Tribl. de Distrito*, 74 D.P.R. 862, 869–870 (1953).

En el caso de autos, no cabe duda que el Tribunal Superior actuó sin jurisdicción al dejar sin efecto la sentencia de divorcio decretada. Veamos.

Comenzaremos por indicar que cuando la demandante recurrida, señora Astacio Caraballo, solicitó que se dejara sin efecto la sentencia de divorcio, ésta era final y firme debido a que habían transcurrido los treinta (30) días para solicitar la revisión.[7]

■ Además, la moción presentada por la señora Astacio Caraballo en la que expresó que se había reconciliado con el señor Pacheco Otero, no podía considerarse como una moción de relevo debido a que en casos de divorcio sólo procede el relevo de sentencia cuando se alegue y pruebe un fraude al tribunal o la nulidad de la sentencia. Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. En el caso

---

[7] Aunque el señor Pacheco Otero solicitó que la sentencia de divorcio adviniera final y firme desde su notificación, el tribunal nada dispuso sobre lo solicitado.

del divorcio reseñado, ni se alegó ni se probó que existiese alguna de estas dos (2) situaciones.

 Más importante aún, al momento en que la codemandante Astacio Caraballo solicitó el relevo de la sentencia de divorcio, ya el señor Pacheco Otero había fallecido. El tribunal no podía intervenir con el estado civil de éste debido a que la acción de divorcio se extingue con la muerte del titular. Regla 22 de Procedimiento Civil, 32 L.P.R.A. Ap. III. El estado civil es un atributo fundamental de la persona. Esto significa que sólo la persona puede cambiar su propio estado civil y que, como regla general, nadie puede disponer libremente del mismo sin que la persona intervenga. J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1979, T. I, Vol. 1, págs. 307–308.

Por último, cabe señalar que ni la moción para solicitar que se dejara sin efecto la sentencia de divorcio ni la resolución que concedió la solicitud, fueron notificadas a la parte adversa. Nunca se hicieron las gestiones para lograr la notificación y, de haberse hecho, hubieran resultado imposibles: el señor Pacheco Otero se estaba representando a sí mismo y había fallecido cuando todo esto ocurrió.

Por lo tanto, la resolución que dejó sin efecto la sentencia de divorcio en el caso Civil Núm. Ref. (F) 88-148 es nula debido a que el tribunal carecía tanto de jurisdicción sobre la materia como de jurisdicción sobre la persona.

## III

Bajo estas circunstancias no podemos concederle validez probatoria a la resolución en el caso de divorcio Civil Núm. RF (F) 88-148 sobre el hecho de que la codemandante Astacio Caraballo se encontraba casada con el señor Pacheco Otero al momento de su muerte. En consecuencia, el foro de instancia se equivocó al negarse a desestimar la recla-

mación de la señora Astacio Caraballo referente a los sufrimientos y angustias mentales del señor Pacheco Otero. Sin embargo, actuó correctamente al negarse a desestimar la reclamación por sus sufrimientos y angustias mentales y la pérdida de los beneficios económicos, reclamaciones que no dependían de su estado como heredera del señor Pacheco Otero.

Por todo lo antes expuesto, *se dictará sentencia modificando la resolución emitida por el foro de instancia el 26 de marzo de 1991 por no haber desestimado la reclamación de la codemandante Carmen Astacio Caraballo de indemnización por los sufrimientos y angustias mentales sufridos por el Sr. José A. Pacheco Otero, y se devolverá el caso para que continúen los procedimientos de forma compatible con esta opinión.*

El Juez Asociado Señor Negrón García concurrió sin opinión escrita. El Juez Asociado Señor Fuster Berlingeri no intervino.